UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEVEN WAYNE FELDMANN,           )
            Plaintiff(s),     )       Case No. 2:15-cv-0578-APG-NJK
                              )       <u>TRANSFER ORDER</u>
vs.                              )
                              )
STATE OF WISCONSIN, et al.,      )
            Defendant(s).    )

       Pending before the Court is Plaintiff Steven Wayne Feldmann's application to proceed *in forma pauperis* and proposed complaint. Docket No. 1. The federal venue statute requires that a civil action be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). If a case has been filed in the wrong district, the district court in which the case has been incorrectly filed has the discretion to transfer such case to any district in which it could have been brought. 28 U.S.C. § 1406(a); *see also Feldmann v. Dane County Jail, et al.*, 3:15-cv-00125-RCJ-WGC (D. Nev. Mar. 25, 2015) (Docket No. 3) (transferring case filed by Plaintiff to the Western District of Wisconsin). The Court may raise issues of venue *sua sponte* so long as notice and an opportunity to be heard is provided. *See Costlow v. Weeks*, 790 F. 2d 1486, 1488 (9th Cir. 1986). In this case, the

Court issued an order to show case why the case should not be transferred, *see* Docket No. 2, and Plaintiff did not file a response.

None of the above venue provisions applies in this case.  Plaintiff is currently incarcerated in Wisconsin.  Docket No. 1-1 at 1; *see also* Docket No. 1 at 3.  Plaintiff sues various Defendants for events that arose in Madison, Wisconsin.  *See* Docket No. 1-1 at 1.  All of the Defendants reside in Madison, Wisconsin.  *Id.* at 2-3.  The Court discerns no nexus of any kind between Plaintiff's claims and this District.  In short, this District is not the proper venue for this action and the Western District of Wisconsin is a proper venue.

Based on the foregoing, it is hereby **ORDERED** that the Clerk of Court transfer this matter to the Western District of Wisconsin and that this case be closed.[1]  The Court herein expresses no opinion as to the merits of this action or the application to proceed *in forma papueris*.

IT IS SO ORDERED.

Dated: April 27, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] An order transferring venue does not address the merits of the case and, therefore, is a nondispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A).  *See Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241 (S.D. Cal. 2013) (collecting cases); *see also Ross v. Lane Community College*, 2014 WL 3783942, *4 (D. Nev. July 31, 2014) (holding that a transfer under 28 U.S.C. § 1406(a) is a nondispositive matter).